UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANNY R. BLANTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:15-CV-44-RLM |
| | ) |
| NANCY BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Danny Blanton brought this action for judicial review after the Commissioner of Social Security denied his application for disability insurance benefits. This court reversed and remanded the claim for further proceedings. Mr. Blanton ultimately prevailed and was awarded approximately $62,989 in past-due benefits. The Social Security Administration withheld $15,747.25 (25%) for attorney's fees, and from that amount, Soultana Myers (who represented Mr. Blanton at the administrative level) received $6,000 in fees. Mr. Shull's motion for authorization of attorney fees under 42 U.S.C. § 406(b) now pends before the court. For the following reasons, the court grants the motion subject to an adjustment.

An attorney who has successfully represented a claimant in federal court can receive "a reasonable fee for such representation, not in excess of 25 percent

of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The combination of fees awarded under Sections 406(a) and 406(b) can't exceed twenty-five percent of the past-due benefits awarded, Kopulos v. Barnhart, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004), and while fees can be awarded under both the EAJA and Section 406(b), "an EAJA award offsets an award under Section 406(b)." Gisbrecht v. Barnhart, 535 U.S. at 796; *see also* Talbott v. Bowen, 832 F.2d 111, 112 (8th Cir. 1987) ("[I]f the award received under the EAJA . . . is less than the 25% contingent fee contract based upon back benefits, then claimant's counsel may collect from the claimant the difference between the 25% award and the award under the EAJA.").

Mr. Shull asks the court to authorize attorney fees in the amount of $9,747.25, which represents the difference between his twenty-five percent contingent fee agreement with Mr. Blanton ($15,747.25) and fees the Administration had paid to attorney Soultana Myers under 42 U.S.C.§ 406(a) ($6,000). The amount is within the parameters of § 406(b) and the contingent fee agreement between Mr. Shull and Mr. Blanton.

Although $9,747.25 is roughly fifteen percent of Mr. Blanton's benefit award, the court must determine whether the attorney fees yielded by that agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 809. Mr. Shull has more than thirty years experience in Social Security disability claims and his

practice has been concentrated almost exclusively in representing Social Security disability claimants. $9,747.25 equates to an effective rate of $367.13 per hour ($9747.25/26.55), and is reasonable in light of the result achieved in this case and the contingent nature of the recovery. Without the greater incentive for attorneys to take these cases stemming from the potential for an enhanced fee payment, claimants who have difficult cases and who cannot afford to guarantee payment might not be able to secure representation. *See* McGuire v. Sullivan, 873 F.2d 974, 980 (7th Cir. 1989) (internal citations omitted).

Although the government hasn't objected to the amount of fees Mr. Shull is requesting, the government says that Mr. Shull "significantly delayed" in filing the instant motion. Neither party presented evidence suggesting that Mr. Blanton was prejudiced by Mr. Shull's delay, but the government noted that it might have been prejudiced because the processing center needs to "devote some additional time to this manner" as a result of the delay. The government also says that Mr. Shull has established a pattern of late filing and cites to at least four cases where the court addressed the delay.

"A petition for fees under § 406(b)(1) must be brought within a reasonable time." Smith v. Bowen, 815 F.2d 1152, 1156 (7th Cir. 1987). Although this decision was rendered at a time when Fed. R. Civ. P. 54 imposed no time limit apart from an implicit requirement of reasonableness, courts have continued to apply the "reasonable time" standard when considering § 406(b) requests. *See,*

3

*e.g.*, Bassett v. Astrue, 2012 WL 295068, at *2 (C.D. Ill. Feb. 1, 2012) (*citing* Smith v. Bowen, 815 F.2d at 1156)).

Mr. Shull waited seventeen months after Mr. Blanton's Social Security award to file this motion. In similar cases in which Mr. Shull delayed in bringing a section 406(b) motion, this court has held that a nine-month delay warranted a reduction of the portion of the attorney's requested award in an amount equal to the interest on the money rightfully due to the plaintiff that had been needlessly withheld for an excessive amount of time. *See, e.g.*, Moore v. Comm'r of Soc. Sec., 2017 WL 3588066, at *3 (N.D. Ind. Aug. 21, 2017); Hill v. Comm'r of Soc. Sec., 2016 WL 2643360, at *5 (N.D. Ind. May 10, 2016) (holding that a nine-month delay in filing a § 406(b) request was unreasonable).

Mr. Blanton received a letter from the Commissioner on October 8, 2016, which states that she has been withholding the $15,747.25—the balance of 25 percent of the past-due benefits payable to Mr. Blanton since July 2013. Mr. Shull filed his fee request on March 28, 2018. Mr. Shull says that a reasonable time for filing a 406(b) petition is within the 20-day period set out in the "close out" letter from the Social Security Administration.[1] Although the court isn't bound by such a requirement, Mr. Shull says that the court should adopt that to establish uniformity. In addition, Mr. Shull says that he will be more prejudiced

---

[1] *see, e.g.,* POMS GN03930.091, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0203930091(Last visited July 9, 2018).

4

by the delay than the government, because Mr. Shull is responsible for paying a "user fee" when the Social Security Administration processes a fee payment.

It appears that Mr. Shull has created a pattern of delay in similar cases, and this one is no different. Mr. Shull also uses the same defense as to why he unduly delayed in filing the motion. Although the parties believe otherwise, Mr. Blanton was somewhat prejudiced by Mr. Shull's delay. Mr. Blanton was awarded benefits in October 2016 and only received $18,347 of an anticipated $62,989. Mr. Shull waited almost a year and a half to file this motion. The court also won't consider the twenty-day rule. As Mr. Shull stated in his reply brief, the rule only affects the direct payment out of withheld benefits, which isn't the case here. Even if given the benefit of the twenty-day rule, Mr. Shull filed the instant motion three months after receiving the close-out letter. Mr. Shull's request is within the parameters of § 406(b) but the court will reduce the amount to account for the prejudice that resulted to Mr. Blanton because of Mr. Shull's unreasonable delay.

After remand to the agency, the court awarded Mr. Shull fees in the amount of $4,991.40 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. No. 41]. Mr. Shull never received the funds because the government seized the entire fee to pay a federal debt Mr. Blanton owed. Fee awards can be made under both the Equal Access to Justice Act and § 406(b), but the claimant's attorney must refund the amount of the smaller fee. Gisbrecht v. Barnhart, 535 U.S. at 796. Mr. Shull was never paid, so a refund isn't necessary.

5

CONCLUSION

For the foregoing reasons, the court GRANTS the motion for an award of attorney's fees under 42 U.S.C. § 406(b) [Doc. No. 44] and AWARDS fees to plaintiff's attorney Mr. Joseph Shull in the amount of $9,747.25, to be paid directly to the Law offices of Joseph A. Shull, 2200 Lake Ave, Suite 140, Fort Wayne, IN 46805. The court further DIRECTS the Commissioner to deduct from the portion due to Mr. Shull an amount equal to the interest on the remaining $9,747.25 owed to Mr. Blanton, as calculated pursuant to the statutory interest rate, beginning January 8, 2017, which is 90 days after the date of Mr. Blanton's benefit award—through March 28, 2018, the date this motion was filed, and return the difference to Mr. Blanton. To the extent that Mr. Shull makes an untimely petition in a later case, the court anticipates the government will object to the petition.

SO ORDERED.

ENTERED:  July 10, 2018.

/s/ Robert L. Miller, Jr.
Judge, United States District Court